IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



ROBERT LEE WINFIELD, JR.

    Petitioner,

v.                                                   Civil Action No. 3:14CV172

ERIC D. WILSON,

    Respondent.

### MEMORANDUM OPINION

Robert Lee Winfield Jr., a federal inmate proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("§ 2241 Petition," ECF No. 1). On December 2, 2014, the Magistrate Judge issued a Report and Recommendation recommending that the Court dismiss the action for want of jurisdiction. Winfield has filed five objections. (ECF No. 13.) For the reasons that follow, Winfield's objections will be overruled and the action will be dismissed.

### I. BACKGROUND

The Magistrate Judge made the following findings and recommendations:

    A.   Procedural History and Summary of Winfield's Claims

        After a jury trial, the Court convicted Winfield of "participation in a continuing criminal enterprise, murder and attempted murder during the course of the continuing criminal enterprise, conspiracy to distribute cocaine base, and other offenses related to

the use of firearms and cocaine base trafficking," and the Court sentenced Winfield to life in prison with consecutive terms imposed for the firearms convictions. <u>United States v. Williams</u>, Nos. 96-4648, 96-4649, 96-4650, 96-4651, 96-4652, 1998 WL 120116, at *1 (4th Cir. March 5, 1998). For the continuing criminal enterprise count (hereinafter "CCE") under 21 U.S.C. § 848(a) and (c) charged in Count Two[1], the jury unanimously found that the three predicate felony counts were: (1) one count of conspiracy to distribute

---

[1] The statute reads, in relevant part:

**(a) Penalties** . . .
  Any person who engages in a continuing criminal enterprise shall be sentenced to a term of imprisonment which may not be less than 20 years and which may be up to life imprisonment . . . .
**(c) "Continuing criminal enterprise"**
  **defined**
  For purposes of subsection (a) of this section, a person is engaged in a continuing criminal enterprise if—
  (1) he violates any provision of this subchapter . . . the punishment for which is a felony, and
  (2) such violation is a part of a continuing series of violations of this subchapter . . . —
>    **(A)** which are undertaken by such person in concert with five or more other persons with respect to whom such person occupies a position of organizer, a supervisory position, or any other position of management, and
>    **(B)** from which such person obtains substantial income or resources.

21 U.S.C. § 848. Several portions of the statute not relevant here, § 848(g), (q), and (r), were subsequently repealed in 2006. <u>See</u> 21 U.S.C. § 848 (2006). Moreover, for a CCE, a "series of violations" has been interpreted to mean three. <u>See Richardson v. United States</u>, 526 U.S. 813, 818 (1999).

2

and possession with intent to distribute 50 grams or more of a mixture or substance containing cocaine base, in violation of 21 U.S.C. § 846 (Count One); (2) one count of possession with intent to distribute five grams or more of a mixture or substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b) (Count Thirteen); and, (3) one count of possession with intent to distribute approximately 109.7 grams of marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b) and 18 U.S.C. § 2 (Count Fourteen). Indictment at 13, United States v. Winfield, No. 2:95CR193 (E.D. Va. filed Dec. 14, 1995); Judgment in a Criminal Case at 1-3, United States v. Winfield, No. 2:95CR193 (E.D. Va. Aug. 14, 1996).

On March 17, 2000, the Court denied a motion to vacate pursuant to 28 U.S.C. § 2255 filed by Winfield. United States v. Winfield, No. 2:95CR193, 2000 WL 34342565, at *6 (E.D. Va. Mar. 17, 2000). Since that time, Winfield has inundated the Court with approximately twenty challenges to his conviction and sentence.

In his § 2241 Petition, Winfield challenges his CCE conviction and contends that:

> (1) at the time of Winfield's CCE conviction it was settled in this Circuit that possession with the intent to distribute marihuana was a felony offense and could be used as a predicate felony drug violation to convict for engaging in CCE; (2) subsequent to Winfield's direct appeal and first § 2255 motion, the substantive law changed in Moncrieffe [v. Holder, 133 S. Ct. 1678 (2013)] (that possession with the intent to distribute a small amount of marihuana is not a felony), that the CCE conviction can no longer stand because Winfield do[es] not have three . . . predicate felony drug violations as the 21 U.S.C. § 848(c) statute requires for a CCE conviction; and (3) Winfield filed to the . . . Court a § 2255 motion because he is Innocent of engaging in a CCE, but his § 2255 motion was dismissed for lack of jurisdiction . . . , and Winfield filed to the . . . Fourth Circuit

for permission to file a second or successive § 2255 motion but it was denied.

(Mem. Supp. § 2241 Pet. 2.) For reasons set forth below, it is RECOMMENDED that the § 2241 Petition be DISMISSED FOR WANT OF JURISDICTION.

B.  **Motions under 28 U.S.C. § 2255 Compared to Petitions under 28 U.S.C. § 2241**

A motion pursuant to 28 U.S.C. § 2255 '"provides the primary means of collateral attack'" on the imposition of a federal conviction and sentence, and such motion must be filed with the sentencing court. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (quoting Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990)). A federal inmate may not proceed under 28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[2] "For example, attacks on the execution of a sentence are properly raised in a § 2241 petition." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Hanahan v. Luther, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). Nevertheless, the United States Court of Appeals for the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." Id. (citations omitted).

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his conviction "in only very limited circumstances." United States v. Poole, 531 F.3d 263, 269 (4th Cir. 2008) (citation omitted) (internal quotation marks omitted). The

---

[2] "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." Wilson v. Wilson, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting In re Jones, 226 F.3d 328, 333 (4th Cir. 2000)).

"controlling test," id., in the Fourth Circuit is as follows:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333-34 (emphasis added). The Fourth Circuit formulated this test to provide a remedy for the "fundamental defect presented by a situation in which an individual is incarcerated for conduct that is not criminal but, through no fault of his [or her] own, [he or she] has no source of redress." Id. at 333 n.3 (emphasis added).

C. Analysis of Winfield's 28 U.S.C. § 2241 Petition

Winfield fails to satisfy the second prong of In re Jones. See In re Jones, 226 F.3d at 334. Specifically, Winfield fails to demonstrate that "subsequent to [his] direct appeal and [his] first § 2255 motion, the substantive law changed such that the conduct of which [he] was convicted is deemed not to be criminal." Id. (emphasis added). The conduct of which Winfield stands convicted, inter alia, felony possession with intent to distribute 109.7 grams of marijuana and participating in a CCE, is still criminal.

Winfield incorrectly argues that Moncrieffe held that "possession with the intent to distribute a small amount of marihuana is not a felony" (Mem. Supp. § 2241 Pet. 2); thus, he contends that he lacks three predicate felonies for his CCE conviction. Contrary to Winfield's assertion, Moncrieffe provides him no relief.

In Moncrieffe, the Supreme Court examined whether a noncitizen's prior Georgia state conviction for

5

possession of 1.3 grams of marijuana with the intent to distribute constituted an aggravated felony under the Immigration and Nationality Act ("INA"). 133 S. Ct. at 1683. The Supreme Court explained that the INA classifies "illicit drug trafficking offenses" as "aggravated felonies," and examined "whether this category include[d] a state criminal statute that extends to the social sharing of a small amount of marijuana." Id. at 1682. In holding that "it [did] not," id., the Supreme Court explained: "If a noncitizen's conviction for a marijuana distribution offense fails to establish that the offense involved either remuneration or more than a small amount of marijuana, the conviction is not for an aggravated felony under the INA." Id. at 1693-94.

The Court fails to discern how Moncrieffe applies to Winfield's conviction of felony possession with intent to distribute marijuana. Unlike the petitioner in Moncrieffe, the federal statute under which the jury convicted Winfield clearly prescribed felony punishment for Winfield's conduct. See 21 U.S.C. 841(b)(1)(D). Although the Controlled Substances Act also contains a misdemeanor marijuana distribution offense, see 21 U.S.C. § 841(b)(4), that offense involves "distributing a small amount of marihuana for no remuneration." Id. Section 841(b)(4) "is a mitigating exception" to § 841(b)(1)(D) that a defendant must prove for sentencing purposes. United States v. Hamlin, 319 F.3d 666, 670-71 (4th Cir. 2003) (holding that 21 U.S.C. § 841(b)(1)(D) "is the 'baseline' provision" and the "default" for federal possession with intent to distribute marijuana charges); see United States v. Eddy, 523 F.3d 1268, 1270 (10th Cir. 2008). Winfield fails to demonstrate that his conviction of possession with intent to distribute 109.7 grams of marijuana qualifies as "a small amount of marihuana" or that his distribution was "for no remuneration." See Hamlin, 319 F.3d at 669-70 (holding "indeterminate amount of marijuana" not a misdemeanor, but by default qualifies as a felony).[3]

---

[3] Moreover, the argument that the marijuana distribution count should have been classified as a misdemeanor was available to Winfield at the time of his trial and sentencing.

6

> Instead, a jury both found Winfield guilty of Count Fourteen, the substantive count of felony possession with intent to distribute 109.7 grams of marijuana, and also determined that Count Fourteen was an appropriate predicate felony for Count Two, his CCE conviction. The Court then entered judgment against Winfield for felony possession with intent to distribute 109.7 grams of marijuana, an offense that was punishable and was punished by a five-year term of imprisonment. See 21 U.S.C. § 841(b)(1)(D); Indictment at 25, United States v. Winfield, No. 2:95CR193 (E.D. Va. filed Dec. 14, 1995); Judgment in a Criminal Case at 1-3, United States v. Winfield, No. 2:95CR193 (E.D. Va. Aug. 14, 1996). Winfield fails to demonstrate that the law has changed such that his marijuana conviction is no longer a felony or fails to qualify as a predicate felony for his CCE conviction. Thus, Winfield fails to demonstrate that Moncrieffe entitles him to relief.
> Accordingly, it is RECOMMENDED that Winfield's 28 U.S.C. § 2241 Petition be DISMISSED FOR WANT OF JURISDICTION.

(Report and Recommendation entered Dec. 2, 2014 (alterations in original)).

## II. STANDARD OF REVIEW FOR REPORT AND RECOMMENDATION

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing Mathews v. Weber, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the

7

district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." Thomas v. Arn, 474 U.S. 140, 147 (1985). When reviewing the magistrate's recommendation, this Court "may also receive further evidence." 28 U.S.C. § 636(b)(1).

### III. WINFIELD'S OBJECTIONS

Winfield has filed five objections. The Court can quickly dispense with each because none of Winfield's objections address the Magistrate Judge's conclusion that Winfield fails to satisfy In re Jones, 226 F.3d 328, 333 (4th Cir. 2000), and therefore, the Court lacks jurisdiction to entertain his § 2241 Petition.

Initially, Winfield objects to the "Magistrate Judge's Report that he was sentenced to 60 months on Count 14." (Obj. 3 (capitalization corrected).) Winfield claims:

> When Winfield appeared before the district court on July 29, 1996, for sentencing on thirteen counts of convictions arising out of his indictment. During the hearing, at which Winfield was present, the district court imposed sentences on Counts 1-5, 7 and Count 11. The district court failed to impose any sentences on the remaining Counts 6, 8, 9, 12, 13, and Count 14. . . .
> Later, the district court issued it's [sic] written judgment of conviction, erroneously imposing sentences on the remaining counts (6, 8, 9, 12, 13, and 14), outside Winfield's presence, in violation of Rule 43 of the Federal Rules of Criminal Procedure.

(Objs. 3-4 (capitalization corrected).) Winfield claims he "was highly prejudiced" by the Court's actions. (Objs. 5.) The

8

Court fails to discern how this objection has any relevance to the Court's conclusion that the Court lacks jurisdiction to entertain his § 2241 Petition.

Next, Winfield repeats arguments previously raised in his § 2241 Petition. Winfield argues that the Magistrate Judge improperly construed his petition as a § 2241 when he filed it under the "§ 2255 'savings clause' pursuant to § 2241 habeas corpus," and then, "In re Jones is not applicable to Winfield's § 2241 issue because Winfield was not sentenced on Count 14 and any sentence . . . is invalid and void." (Obj. 6 (emphasis added).) Winfield then reargues that Moncrieffe v. Holder, 133 S. Ct. 1678 (2013) requires a conclusion that his conviction for marijuana is no longer a felony, but a misdemeanor. (Obj. 7-8.) None of Winfield's objections persuasively alter the Magistrate Judge's conclusion that Winfield fails to satisfy the second prong of In re Jones.

As explained by the Magistrate Judge, Winfield fails to demonstrate that "subsequent to [his] direct appeal and [his] first § 2255 motion, the substantive law changed such that the conduct of which [he] was convicted is deemed not to be criminal." Id. at 334. Winfield fails to demonstrate that the law has changed such that his marijuana conviction is no longer a felony or fails to serve as a predicate felony for Winfield's CCE conviction.

9

Accordingly, Winfield's Objections will be overruled. The Report and Recommendation will be accepted and adopted. The Motion to Dismiss (ECF No. 6) will be granted. Winfield's claims and the action will be dismissed. The Court will deny a certificate of appealability.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/ REP

Robert E. Payne
Senior United States District Judge

Date: March 2, 2015
Richmond, Virginia